IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JUDY BURGEIS,                                    Civ. No. 07-6355-AA

       Appellant/Petitioner,                    ORDER TO PROCEED
                                            IN FORMA PAUPERIS AND
    v.                                        ORDER OF DISMISSAL

PATRICIA J. SCHEIWEK, RICHARD
FORCUM, and THOMAS SCHIEWEK,

       Appellees/Respondents.
_____

AIKEN, Judge:

    Petitioner moves to proceed *in forma pauperis* (filed December 7, 2007). Notably, even though the court has not granted petitioner's motion and allowed the case to proceed without the payment of fees, petitioner apparently served respondents (without issuance of summons), resulting in numerous and unnecessary filings, including Motions to Dismiss by defendants Forcum and Patricia Schiewek. Regardless, upon examination of petitioner's affidavit, the court finds that petitioner is unable to afford the

1   - ORDER OF DISMISSAL

cost of this action.    Accordingly, IT IS ORDERED that the provisional in forma pauperis status given the petitioner is confirmed.  This action may go forward without the payment of fees.

However, petitioner fails to allege facts that would allow this federal district court to exercise jurisdiction over her claims.    Based on the allegations contained in petitioner's complaint, she challenges several decisions issued by a state Circuit Court judge in a state court probate proceeding.    See Complaint (doc. 3) and attached Exhibits (doc. 4).    Respondent Thomas Schiewek (Schiewek) filed a similar "Notice of Appeal and Petition for Review" (doc. 6) challenging orders issued by a state court judge in the same proceeding.  Essentially, petitioner and Schiewek seeks federal court intervention in or invalidation of a state court proceeding.

However, "federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism." Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F.3d 391, 393 (9th Cir. 1995).  In other words, this court must dismiss any claim that seeks to invalidate or intervene in a state proceeding.    See Younger v. Harris, 401 U.S. 37, 43-44 (1971).

Moreover, if the state court proceeding resulted in a final judgment, petitioner and Schiewek are likewise barred from seeking review of that judgment in federal district court.  Review of a

2    - ORDER OF DISMISSAL

final court decision by a federal court is a de facto appeal of a state court decision and is prohibited. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983). "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." <u>Noel v. Hall</u>, 341 F.3d 1148, 1154 (9th Cir. 2003). Accordingly, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." <u>Id.</u> at 1164. Thus, petitioner and Schiewek cannot seek review of a final state court judgment in this court.

<u>CONCLUSION</u>

For the reasons set forth above, the Motions to Dismiss (docs. 7, 9, 13) are GRANTED, and this case is DISMISSED WITH PREJUDICE. All pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this /2 day of February, 2008.


_____
Ann Aiken
United States District Judge


3    - ORDER OF DISMISSAL